In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――――――

No. 22-2828

DEBORAH BRUMIT and ANDREW SIMPSON,

*Plaintiffs-Appellants,*

*v.*

CITY OF GRANITE CITY, ILLINOIS,

*Defendant-Appellee.*

―――――――――――

Appeal from the United States District Court
for the Southern District of Illinois.
No. 19-CV-1090-SMY — **Staci M. Yandle**, *Judge.*

―――――――――――

ARGUED MAY 25, 2023 — DECIDED JUNE 16, 2023

―――――――――――

Before EASTERBROOK, ROVNER, and LEE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After the Supreme Court held in *HUD v. Rucker*, 535 U.S. 125 (2002), that a public housing authority may enforce a term in a tenant's lease allowing eviction if a member of the household or guest commits a crime (even without the tenant's knowledge), some cities enacted ordinances extending that approach to private leases. The Justices remarked in *Rucker* that the decision involved subsidized

tenancies rather than the regulation of private conduct. 535 U.S. at 135. They added that the approved system also allowed the landlord discretion to decide whether eviction is appropriate. *Id*. at 133–34. Granite City, Illinois, departed from the *Rucker* model in both ways. It required private landlords to evict tenants not as a condition of receiving a subsidy but as a matter of regulatory compulsion, and it deprived landlords of any discretion to excuse violations.

Deborah Brumit and Andrew Simpson permitted their adult daughter to stay in their leased home occasionally during 2019. One night that June they welcomed their daughter and her boyfriend into their house briefly. After the visitors left, they were arrested for stealing a van. Within days, the City served a "Notice of Violation." Plaintiffs contested this Notice, but a hearing officer directed plaintiffs' landlord to begin eviction proceedings.

The landlord, who did not want to evict Brumit and Simpson, dragged his feet long enough for them to file this suit under 42 U.S.C. §1983. A district court swiftly entered a temporary restraining order, which it later converted to a preliminary injunction forbidding eviction while the federal suit continued. In January 2022, while still protected by this injunction, Brumit and Simpson gave up their lease voluntarily and moved out of Granite City. They do not plan to return, even though Granite City has amended its ordinance to abrogate the features about which they complain. The parties agree that these events eliminate the justification for prospective relief. Indeed, one might think that they make the case moot. But the district court rendered a decision—without mentioning the possibility that the case became moot when the plaintiffs left Granite City—and decided against Brumit and

Simpson on the merits. 2022 U.S. Dist. Lᴇxɪs 167052 (S.D. Ill. Sept. 15, 2022). (The district court had held, while the plaintiffs still lived in Granite City, that the amendments to the ordinance, which were not retroactive, did not themselves make the case moot. 2021 U.S. Dist. Lᴇxɪs 24316 (S.D. Ill. Feb. 9, 2021).)

In this court, Brumit and Simpson contend that, if they prevail on the merits, they will be entitled to nominal damages, which prevents mootness. That effect of nominal damages is well established. See, e.g., *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021). But what the Supreme Court said in *Uzuegbunam* is that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." 141 S. Ct. at 802. Plaintiffs' potential problem is that their complaint did not allege a "completed" violation of their rights (whether that right is one to due process of law or freedom of intimate association), so have failed to identify a concrete injury that could be redressed by nominal damages.

Granite City told their landlord to evict them, but plaintiffs do not contend that the landlord complied. They resided in their leased home until they left Granite City for other reasons. *Uzuegbunam* said that a completed violation supports nominal damages and added that "[n]ominal damages … are unavailable where a plaintiff has failed to establish a past, completed injury." *Id*. at 802 n.*. We therefore asked the parties to file post-argument memoranda addressing the question whether plaintiffs have suffered a "completed" violation of their rights and, if not, whether there is any basis for an award of nominal damages. We asked, in particular, whether any decision of the Supreme Court or a court of appeals has

awarded nominal damages after a threatened violation was averted.

Plaintiffs' post-argument submission does not identify any decision of the sort we have mentioned but contends that they nonetheless were injured by the stress and anxiety the Notice caused and by the expenses incurred in the hearing and the litigation. Brumit says that the stress led her to stop working. Plaintiffs also characterize the Notice as an impairment of their lease contract. If they were seeking actual damages, we would need to decide whether these matters qualify, given the norm that the attorneys' fees, costs, and stress of litigation do not justify adjudication of a suit that is otherwise moot. See, e.g., *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480–81 (1990). But Brumit and Simpson have never requested anything but an injunction and nominal damages. So the question remains: does an unsuccessful attempt to have someone evicted support nominal damages?

Thousands of unsuccessful eviction or foreclosure actions must begin every year, only to be abandoned when the plaintiff gives up (perhaps because the suit rests on a mistake of fact) or a court blocks the procedure. We asked at oral argument whether these unsuccessful efforts ever lead to nominal damages. Plaintiffs have not found such a case. That's significant, if only because *Uzuegbunam* stressed the importance of history in revealing when nominal damages are appropriate. And we have not been given any other indication that the dictum in *Uzuegbunam* saying that "[n]ominal damages … are unavailable where a plaintiff has failed to establish a past, completed injury" neglects any line of precedent—or any single precedent, for that matter.

This case therefore is moot. The district court's judgment is vacated, and the case is remanded with instructions to dismiss for lack of a justiciable controversy. See *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).